UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN BALLARD, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>AMERON INTERNATIONAL CORPORATION, et al.,<br><br>    Defendants. | Case No. 16-cv-06074-JSC<br><br>**ORDER TO SHOW CAUSE**<br><br>Re: Dkt. No. 4 |

Plaintiffs John Ballard ("Mr. Ballard") and Suzanne Ballard (together, "Plaintiffs") filed this asbestos litigation action against a number of Defendants, including Defendant Ameron International Corporation ("Ameron"), in Alameda County Superior Court. (*See* Dkt. No. 1.)[1] Ameron removed the case to federal court on October 20, 2016. (*Id.*) Now pending before the Court is Plaintiffs' *ex parte* application to remand and for an award of attorneys' fees. (Dkt. No. 4.) The Court ORDERS Ameron to SHOW CAUSE by noon on Thursday, October 27, 2016 why this case should not be remanded to state court and why attorneys' fees should not be awarded.

## BACKGROUND

Mr. Ballard has been diagnosed with mesothelioma. In the complaint for personal injury and loss of consortium, initially filed in state court, Plaintiffs allege that Mr. Ballard developed mesothelioma as a result of exposure to asbestos at seventeen different jobsites over a many-year period. (Dkt. No. 1.) Among them is Norton Air Force Base, where Mr. Ballard worked from February to November 1986. (Dkt. No. 1 at 42 (Ex. A).)

Plaintiffs initially named 29 defendants in the Complaint, along with Doe Defendants 1-

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

1  100. (*Id.* at 16-17.) On September 23, 2016, Plaintiffs filed a Second Amendment to the
2  Complaint to substitute Ameron and another corporate entity for two Doe Defendants. (*Id.* at 50-
3  51.) As of the date of removal, Plaintiffs had served 23 Defendants with the summons and
4  Complaint. (Dkt. No. 4-3 ¶ 4; Dkt. No. 4-3 at 41-95 (Ex. C).)

On September 30, 2016, Plaintiffs filed a motion for a preferential trial date under California Code of Civil Procedure § 36(a) requesting a trial date within 120 days to ensure that Mr. Ballard was able to survive and participate in the trial during his lifetime. (Dkt. No. 4-3 ¶ 5.) Plaintiffs supported their motion with declarations describing Mr. Ballard's quickly deteriorating health condition, including a declaration from pathologist Brent C. Staggs, M.D., who opined that Mr. Ballard was unlikely to survive beyond four months from the date of the declaration—that is, beyond December 31, 2016. (*Id.* ¶¶ 6-9; *id.* at 97-142 (Exs. D-G).) Plaintiffs' preference motion was set to be heard on October 21, 2016. (Dkt. No. 4-3 ¶ 10; *id.* at 144-147 (Ex. H).) At close of business on October 20, 2016, the state court issued a tentative ruling that indicated its intent to grant the trial preference. (*Id.*) Ameron served its notice of removal that same day. (Dkt. No. 1.)

According to Ameron, removal is proper because the Court has original jurisdiction over the action. (Dkt. No. 1 at 3.) Ameron cites as bases for removal 28 U.S.C. §§ 1331, 1441(c), and 1442. (*Id.*)[2]

On October 21, 2016, Defendant General Electric Company ("GE") sent a letter to all parties to this action indicating that Ameron never contacted GE to obtain consent for removal and that GE did not consent to the removal. (Dkt. No. 4-3 ¶ 11; *id.* at 149 (Ex. I).)

Plaintiffs filed and served on all parties their *ex parte* application to remand on October 24, 2016. (*Id.* ¶ 13.) Although Plaintiffs appear to have served the *ex parte* application on Ameron (*see* Dkt. No. 4-5), as of the date of this Order Ameron has not responded.

---

[2] Ameron also cites 28 U.S.C. § 1446(b) as a basis for the Court's original jurisdiction (Dkt. No. 1 at 3), but this section does not provide a basis for jurisdiction. Instead, it sets forth procedural requirements for removal.

2

**DISCUSSION**

**I.     Motion to Remand**

      A.     *Legal Standard*

"A motion to remand is the proper procedure for challenging removal." *Leo v. Alameda Cnty. Med. Ctr.*, No. C 06-03799 SI, 2006 WL 2669001, at *1 (N.D. Cal. Sept. 18, 2006). A district court must remand a removed action "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). Courts must "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009) ("The removal statute is strictly construed *against* removal jurisdiction."). "Th[is] 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.*

In determining whether a court has jurisdiction over a plaintiff's claims, the Court may look beyond the face of the complaint and consider facts raised in the notice of removal. *See Schroeder v. Trans World Airlines, Inc.*, 702 F.2d 189, 191 (9th Cir. 1983) ("It is proper to use the petition for removal to clarify the action plaintiff presents and to determine if it encompasses an action within federal jurisdiction.").

A civil action filed in state court may be removed to federal court so long as the federal court has original jurisdiction. 28 U.S.C. § 1441. Federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. An action "arises under" federal law only "if either: (1) federal law creates the cause of action, or (2) the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law." *Swords to Plowshares v. Kemp*, 423 F. Supp. 2d 1031, 1033 (N.D. Cal. 2005).

      B.     *Ameron Has Failed to Establish Jurisdiction*

            1.     Ex Parte Request for Removal

As a threshold matter, Plaintiffs filed this request for remand as an *ex parte* application. Requests for remand are typically heard as noticed motions, but the Court has authority to remand

3

to state court on an *ex parte* basis. *See, e.g.*, *No Doubt v. Activision Pub'g, Inc.*, 702 F. Supp. 2d 1139 (C.D. Cal. 2010) (granting *ex parte* application for remand); *Wilson v. Asbestos Defendants (BHC)*, No. C 01-1015 CRB, 2001 WL 348975, at *1 (N.D. Cal. Mar. 29, 2001) (same). But Plaintiffs' *ex parte* application fails to comply with the Local Rules. Rule 7-10 provides that "a party may file an *ex parte* motion . . . only if a statute, Federal Rule, local rule or Standing Order authorizes the filing of an *ex parte* motion" and the motion must "include a citation to the statute, rule or order which permits the use of an *ex parte* motion to obtain the relief sought." N.D. Cal. L.R. 7-10. Courts in other districts have recognized that *ex parte* applications are appropriate where, among other circumstances, there is a threat of immediate or irreparable injury, and have granted such applications to remand where subject matter jurisdiction is lacking. *See Home v. Wells Fargo Bank, N.A.*, 969 F. Supp. 2d 1203, 1205 (C.D. Cal. 2013) (collecting cases). While Plaintiffs' *ex parte* motion does not conform to the Local Rules, the Court recognizes the necessity of moving quickly on Plaintiffs' request to ensure that their claims are heard during Mr. Ballard's lifetime. Accordingly, the Court will address the application but provide Ameron with an opportunity to respond as set forth below.

        2.      Removal Based on Alleged Federal Enclave Jurisdiction

In the removal notice, Ameron contends that there is federal question jurisdiction but offers no explanation or support for this statement. (*See* Dkt. No. 1 at 3.) The causes of action in the Complaint are all state law claims, including negligence, strict liability, negligent misrepresentation, fraudulent concealment, and other derivative claims. (*See* Dkt. No. 1 at 21-40.) Ameron has therefore failed to meet its burden of demonstrating that there is federal question jurisdiction over this action based on the substance of the claims alleged. Ameron also contends that there is federal enclave jurisdiction because Mr. Ballard alleged exposure to asbestos while working at Norton Air Force Base. (Dkt. No. 1 at 3.)

Article 1, Section 8, Clause 17 of the United States Constitution permits the federal government to "exercise exclusive Legislation . . . over all Places purchased by eh consent of the State of the Legislature . . . for the Erection of Forts . . . and all other needful Buildings." *See Swords to Plowshares v. Kemp*, 423 F. Supp. 2d 1031, 1034 (N.D. Cal. 2005) ("The power to

1  exercise 'exclusive legislation' holds the same meaning as 'exclusive jurisdiction.'") (internal

2  citations omitted).  Such purchases create territories known as federal enclaves.  In federal enclave

3  cases, federal question jurisdiction applies when the locus in which the claim arose is within a

4  federal enclave.  *In re High-Tech Employee Antitrust Litig.*, 856 F. Supp. 2d 1103, 1125 (N.D.

5  Cal. 2012).

6  Ameron's notice of removal states in a conclusory manner that Mr. Ballard's employment

7  at the Norton Air Force Base gives rise to "federal enclave issues," but there are no facts to

8  support that statement.  The removal notice does not allege facts to establish that the air force base

9  is a federal enclave, and Ameron does not allege that the base is still property of the federal

10  government.  The mere conclusory statement that the base is a federal enclave does not meet

11  Ameron's burden to demonstrate that it is so for the purposes of removal.  On the other hand,

12  "[c]ourts have found federal enclave jurisdiction where the United States government has

13  exclusive sovereignty over land, often a military base."  *See Fung v. Abex Corp.*, 816 F. Supp.

14  569, 571 (N.D. Cal. 1992); *Akin v. Big Three Indus., Inc.*, 851 F. Supp. 819, 822 (E.D. Tex. 1994);

15  *see, e.g.*, *Mater v. Holley*, 200 F.2d 123, 123 (5th Cir. 1952) (Fort McPherson, GA); *Willis v.*

16  *Craig*, 555 F.2d 724, 726 (9th Cir. 1977) (Concord Naval Weapons Station, CA); *Fung*, 816 F.

17  Supp. at 571 (Fort McPherson, GA; Mare Island, CA).  For example, in *Akin v. Big Three*

18  *Industries*, the court found removal proper, reasoning that "in a toxic exposure case such as this,

19  when the plaintiffs' claims arise out of exposure to chemicals on base in furtherance of their

20  employment duties, enclave jurisdiction is properly invoked."  *Akin*, 851 F. Supp. at 822.

21  In *Akin*, the court's finding of enclave jurisdiction was based in part on the fact that "[a]ll

22  plaintiffs performed *all duties* on Tinker Air Force Base."  *Id.* (emphasis added).  The court noted

23  that "[h]ad some of the exposure occurred off-base, the defendants' burden of establishing enclave

24  jurisdiction would have been heavier . . . [w]hen exposures allegedly occur partially inside and

25  partially outside the boundaries of an enclave, an argument would surface that the state's interest

26  increases proportionally, while the federal interest decreases."  *Id.* at 825 & n.4.  So it is here,

27  where Mr. Ballard's alleged exposure at the base is just a small portion of the total exposure: one

28  of 17 locations and during six months of the years-long exposure period.  Ameron has not offered

5

1  any facts to meet this higher burden.

2  Even if it had, removal based on federal enclave jurisdiction would still be improper.
3  Federal enclave jurisdiction is concurrent jurisdiction. *Nguyen v. Allied Signal, Inc.*, No. C 98-
4  03616 SI, 1998 WL 690854, at *2 (N.D. Cal. Sept. 29, 1998) (citation omitted).  "All defendants
5  must join in the removal if jurisdiction is concurrent." *Id.* (citing *Hewitt v. City of Stanton*, 798
6  F.2d 1230, 1232 (9th Cir. 1986)).  Here, Ameron filed the removal notice on its own; it did not
7  obtain joinder or consent from any other Defendant.  Ameron's notice of removal states only that
8  it requested consent from the other Defendants and none withheld it.  (Dkt. No. 1 at 3.)  Putting
9  aside that Ameron gave Defendants only two days to express their lack of consent, stating that
10 none have withheld consent is not the same as joining the removal.  While "the Ninth Circuit has
11 not yet addressed the question of the precise form of a co-defendant's consent to join in removal
12 must assume . . . all courts require, at a minimum, that consent to removal be expressed directly to
13 the court by the parties themselves." *Dubon v. HBSC Bank Nevada, N.A.*, No. 05-2799 SC, 2005
14 WL 2249902, at *3 (N.D. Cal. Sept. 15, 2005) (citations omitted); *see also Roe v. Donahue*, 38
15 F.3d 298, 301 (7th Cir. 1994) (finding that a notice of removal stating that "[a]ll other defendants .
16 . . have stated that they do not object to the removal" was "deficient"); *Getty Oil, a Div. of Texaco,*
17 *Inc. v. Ins. Co. of No. Am.*, 841 F.2d 1254, 1262 n.11 (5th Cir. 1988) ("[T]here must be some
18 timely filed written indication from each served defendant . . . that it has actually consented to
19 such action."); *Knutson v. Allis-Chalmers Corp.*, 358 F. Supp. 2d 983, 991 (D. Nev. 2005) ("[T]he
20 rule . . . is that all defendants who are properly joined and served in the action must join in the
21 removal or consent to it in writing[.]"); *Anne Arundel Cnty. v. United Pac. Ins. Co.*, 905 F. Supp.
22 277, 278 (D. Md. 1995) (finding insufficient a statement by one defendant that the other "does not
23 object to [removal").

24 Not only is Ameron's statement that no defendant objects to removal insufficient, but since
25 the removal was filed at least one Defendant, GE, has represented that it does not consent to
26 removal.[3]  (Dkt. No. 4-3 ¶ 11; *id.* at 149 ("Any suggestion in Ameron's Petition for Removal as to

---

[3] Failure to join co-defendants renders Ameron's notice of removal facially deficient.  To avoid remand on this basis, Ameron would need to cure the defect within 30 days of being served the

6

whether [GE] consents to the removal or did not object to the removal is . . . incorrect.").) Because of the failure to join all Defendants, even if federal enclave jurisdiction were appropriate based on Mr. Ballard's exposure to asbestos on the Norton Air Force Base, removal on this ground is nevertheless improper.

### 3. Federal Officer Jurisdiction

Trying a different tack, Ameron cites 28 U.S.C. § 1442, the federal officer removal statute, as a basis to remove this action. Joinder of all defendants is not required for removal under Section 1442. *Ely Valley Mines v. Hartford Acc. & Indem. Co.*, 644 F.2d 1310, 1315 (9th Cir. 1981). Also unlike the general removal statute, the federal officer removal statute is not strictly construed against removal; instead, the opposite is true. *See Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006) (noting that courts must "interpret Section 1442 broadly in favor of removal"). Section 1442(a)(1) provides that an action may be removed by "[a]ny officer of the United States or agency thereof, or person acting under him for any act under color of such office." To demonstrate jurisdiction, at least one defendant must (1) demonstrate that it acted under the direction of a federal officer, (2) raise a federal defense to plaintiffs' claims, and (3) demonstrate a causal nexus between plaintiffs' claims and acts it performed under color of federal office. *Mesa v. California*, 489 U.S. 121, 129-34 (1989); *Fung*, 816 F. Supp. at 571-72. Even broadly construing the statute, Ameron fails to meet any of its prongs. Ameron merely cites the statute without providing any context or presenting any evidence of federal direction, a federal defense, or a causal nexus. As Ameron has made no showing whatsoever, it has not met its burden of demonstrating that federal officer jurisdiction applies.

\* \* \*

The Court is hard-pressed to find a basis for jurisdiction. However, given the *ex parte* nature of Plaintiffs' application, the Court will provide Ameron a brief opportunity to argue

---

complaint or receiving the first pleading that sets forth a colorable claim. *See* 28 U.S.C. § 1446(b)(2)(B). Plaintiffs served Ameron on September 23, 2016; the 30th day was October 23, 2016. The 30-day statutory period to cure the defect has passed. And in any event, as set forth above, at least one defendant expressly does not join the removal, therefore the defect is not curable.

7

otherwise.  The Court orders Ameron to show cause by noon on October 27, 2016 why this case should not be remanded to Alameda County Superior Court.  Failure to respond by that deadline will be deemed a concession that remand is appropriate.

## II.     Request for Attorneys' Fees and Costs

"If the Court finds that removal was improper, it may order the removing party to pay just costs and actual expenses, incurred as a result of the removal, including attorneys' fees."  28 U.S.C. § 1447(c).  The Court has "wide discretion" to award attorneys' fees and costs under Section 1447(c), but "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005); *see also Gardner v. UICI*, 408 F.3d 559, 562 (9th Cir. 2007) ("[T]he standard for awarding fees . . . turn[s] on the reasonableness of the removal.") (citation omitted).  The Court may award costs for improper removal even absent a finding of bad faith.  *Moore v. Permanente Med. Grp., Inc.*, 981 F.2d 443, 445 (9th Cir. 1992); *Townsend v. Sullivan*, Nos. C 08-3745 SBA, 08-3825 SBA, 2009 WL 112946, at *2-3 (N.D. Cal. Jan. 16, 2009).  Ameron shall also address why costs should not be imposed.

## CONCLUSION

For the reasons described above, Court ORDERS Ameron to SHOW CAUSE by **noon on Thursday, October 27, 2016**, why this case should not be remanded and costs imposed.  Plaintiffs need only file a reply if the Court so requests.

**IT IS SO ORDERED.**

Dated:  October 25, 2016

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge